UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**MARVIN TAYLOR, JOHN ABRAHAMSSON, KEVIN BARGON,**
**HENRY BECKWITH, NEIL BEDNARZ, GARY BOSSARD,**
**THOMAS BRYANS, ROBERT CLIFFEL, REGINALD CZACH,**
**PARSHURAM DATE, BHUPEN GANDHI, JAMES GEROMETTA,**
**TRICIA GRANT, LARRY GREEN, DAMYANTI GUPTA,**
**SUBHASH GUPTA, RAYMOND HAMILTON, BRENDA HAYES,**
**KEITH HAYSE, DENISE HENRY, JOHN HUFNAGEL, RAUL HERRERA,**
**ANDERSON JACKSON, HOWARD KELL, FRANK KELLY, HENRY**
**KHOE, WILLIAM KRUEGER, GREGG KUYZIN, MICHAEL LAWSON,**
**MARGARET LORD, JERRY MANN, BRUCE MILLER, JOHN**
**MORAN, JOE MUSSIN, DANIEL NICKERSON, MAUREEN NINER,**
**KIM OSWALD,  DALE OWINGS, ROBERT PIERCE, NORMAN RABY,**
**JOHN RAKOWSKI, JERRY RAYMOR, GREGORY ROJOWSKI,**
**IAN SMART, WILLARD SMITH, EDMUND THOMAS SOUVIE,**
**MITZI SULLINS, WILLIE THOMAS, RICHARD VAUGHN, JOHN**
**WHITE, KATHLEEN WESNER, FRANK WILLIAMS, DAVID WOJCIK,**
and **JOHN YOUNG,**

03 - 75163

PATRICK J. DUGGAN

        Plaintiffs,

Case No. 03-

vs.

HON.
MAGISTRATE JUDGE MORGAN

**VISTEON CORPORATION,**
a Delaware Corporation,

        Defendant.

---

SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
BY:    DONALD J. GASIOREK, (P-24987)
Attorney for Plaintiff
2000 Town Center, Suite 900
Southfield, Michigan  48075
(248) 355-0300

---

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

U.S. DIST. COURT CLERK
EAST. DIST. MICH.
DETROIT, MSG
'03 DEC 23 P3:02
FILED

There is no other pending or resolved civil action arising out of the
transaction or occurrence alleged in the Complaint.

**COMPLAINT**

Plaintiffs, by their attorneys, SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C., state the following for their Complaint against the above-named Defendant:

## PARTIES

1.    Plaintiff, Marvin Taylor ("Taylor"), is an individual residing in Southfield, Oakland County, Michigan.

2.    Plaintiff, John Abrahamsson ("Abrahamsson"), is an individual residing in Sterling Heights, Macomb County, Michigan.

3.    Plaintiff, Kevin Bargon ("Bargon"), is an individual residing in East Pointe, Macomb County, Michigan.

4.    Plaintiff, Henry Beckwith ("Beckwith"), is an individual residing in Ypsilanti, Washtenaw County, Michigan.

5.    Plaintiff, Neil G. Bednarz ("Bednarz"), is an individual residing in Canton, Wayne County, Michigan.

6.    Plaintiff, Gary Bossard ("Bossard"), is an individual residing in Dearborn, Wayne County, Michigan.

7.    Plaintiff, Thomas Bryans ("Bryans"), is an individual residing in Northville, Wayne County, Michigan.

8.    Plaintiff, Robert Cliffel ("Cliffel"), is an individual residing in Rochester, Oakland County, Michigan.

9.    Plaintiff, Reginald Czach ("Czach"), is an individual residing in Northville, Wayne County, Michigan.

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

10.     Plaintiff, Parshuram Date ("Date"), is an individual residing in Novi, Oakland County, Michigan.

11.     Plaintiff, Bhupen Gandhi ("Bhupen"), is an individual residing in Farmington Hills, Oakland County, Michigan.

12.     Plaintiff, James Gerometta ("Gerometta"), is an individual residing in Oakland, Oakland County, Michigan.

13.     Plaintiff, Tricia Grant ("Grant"), is an individual residing in Inkster, Wayne County, Michigan.

14.     Plaintiff, Larry Green ("Green"), is an individual residing in Oak Park, Oakland County, Michigan.

15.     Plaintiff, Damyanti Gupta ("D. Gupta"), is an individual residing in Northville, Wayne County, Michigan.

16.     Plaintiff, Subhash Gupta ("S. Gupta"), is an individual residing in Northville, Wayne County, Michigan.

17.     Plaintiff, Raymond Hamilton ("Hamilton"), is an individual residing in Livonia, Wayne County, Michigan.

18.     Plaintiff, Brenda Hayes ("Hayes"), is an individual residing in Southfield, Oakland County, Michigan.

19.     Plaintiff, Keith Hayse ("Hayse"), is an individual residing in New Boston, Wayne County, Michigan.

20.     Plaintiff, Denise Henry ("Henry"), is an individual residing in Milford, Oakland County, Michigan.

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

21.    Plaintiff, Raul Herrera ("Herrera"), is an individual residing in Farmington Hills, Oakland County, Michigan.

22.    Plaintiff, John Hufnagel ("Hufnagel"), is an individual residing in Ypsilanti, Washtenaw County, Michigan.

23.    Plaintiff, Anderson Jackson ("Jackson"), is an individual residing in Oak Park, Oakland County, Michigan.

24.    Plaintiff, Howard Kell ("Kell"), is an individual residing in Farmington Hills, Oakland County, Michigan.

25.    Plaintiff, Frank Kelly ("Kelly"), is an individual residing in Canton, Wayne County, Michigan.

26.    Plaintiff, Henky Khoe ("Khoe"), is an individual residing in Livonia, Wayne County, Michigan.

27.    Plaintiff, William Krueger ("Krueger"), is an individual residing in Northville, Wayne County, Michigan.

28.    Plaintiff, Gregg Kuyzin ("Kuyzin"), is an individual residing in Ypsilanti, Washtenaw County, Michigan.

29.    Plaintiff, Michael Lawson ("Lawson"), is an individual residing in Taylor, Wayne, County, Michigan.

30.    Plaintiff, Margaret Lord ("Lord"), is an individual residing in Dearborn Heights, Wayne County, Michigan.

31.    Plaintiff, Jerry Mann ("Mann"), is an individual residing in Southfield, Oakland County, Michigan.

32.     Plaintiff, Bruce Miller ("Miller"), is an individual residing in Ann Arbor, Washtenaw County, Michigan.

33.     Plaintiff, John Moran ("Moran"), is an individual residing in Livonia, Wayne County, Michigan.

34.     Plaintiff, Joseph Mussin ("Mussin"), is an individual residing in Canton, Wayne County, Michigan.

35.     Plaintiff, Daniel Nickerson ("Nickerson") is an individual residing in Livonia, Wayne County, Michigan.

36.     Plaintiff, Mareen Niner ("Niner"), is an individual residing in Livonia, Wayne County, Michigan.

37.     Plaintiff, Kim Oswald ("Oswald"), is an individual residing in Canton, Wayne County, Michigan.

38.     Plaintiff, Dale Owings ("Owings"), is an individual residing in Livonia, Wayne County, Michigan.

39.     Plaintiff, Robert Piece ("Piece"), is an individual residing in Grosse Ile, Wayne County, Michigan.

40.     Plaintiff, Norman Raby ("Raby"), is an individual residing in Macomb, Macomb County, Michigan.

41.     Plaintiff, John Rakowski ("Rakowski"), is an individual residing in Dearborn Heights, Wayne County, Michigan.

42.     Plaintiff, Jerry Raymor ("Raymor"), is an individual residing in Ann Arbor, Washtenaw County, Michigan.

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

43.     Plaintiff, Gregory Rojowski ("Rojowski"), is an individual residing in Northville, Wayne County, Michigan.

44.     Plaintiff, Ian Smart ("Smart"), is an individual residing in Livonia, Wayne County, Michigan.

45.     Plaintiff, Willard Smith ("Smith"), is an individual residing in Shelby Township, Macomb County, Michigan.

46.     Plaintiff, Edmund Thomas Souvie ("Souvie"), is an individual residing in Sterling Heights, Macomb County, Michigan.

47.     Plaintiff, Mitzi Sullins ("Sullins"), is an individual residing in Westland, Wayne County, Michigan.

48.     Plaintiff, Willie Thomas ("Thomas"), is an individual residing in Southfield, Oakland County, Michigan.

49.     Plaintiff, Richard Vaughn ("Vaughn"), is an individual residing in Livonia, Wayne County, Michigan.

50.     Plaintiff, Kathleen Wesner ("Wesner"), is an individual residing in Livonia, Wayne County, Michigan.

51.     Plaintiff, John White ("White"), is an individual residing in Dearborn Heights, Wayne County, Michigan.

52.     Plaintiff, Frank Williams ("Williams"), is an individual residing in Detroit, Wayne County, Michigan.

53.     Plaintiff, Donald Wojcik ("Wojcik"), is an individual residing in Novi, Oakland County, Michigan.

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

54.    Plaintiff, John Young ("Young"), is an individual residing in Grosse Ile, Wayne County, Michigan.

55.    Defendant, Visteon Corporation, is a Delaware corporation and, at all relevant times, had its principal place of business located in Dearborn, Wayne County, Michigan.

## JURISDICTION AND VENUE

56.    The amount in controversy in this civil action exceeds Seventy-Five Thousand ($75,000.00) Dollars and is otherwise within the jurisdiction and venue of this Honorable Court pursuant to 29 USC § 1002 et. seq. of the Employee Retirement Income Security Act ("ERISA").

## GENERAL ALLEGATIONS

57.    Plaintiff Taylor commenced employment with Defendant's predecessor, Ford Motor Company, on or about November 1, 2972; and in April 2001, Defendant informed Taylor that his employment was terminated under the terms of a Visteon Separation Program ("VSP"). A copy of the VSP is attached as Exhibit "A".

58.    Plaintiff Abrahamsson commenced employment with Defendant's predecessor, Ford Motor Company, on or about July 2, 1984; and in January 2002, Defendant informed Abrahamsson that his employment was terminated under the terms of the VSP.

59.    Plaintiff Bargon commenced employment with Defendant's predecessor, Ford Motor Company, on or about October 8, 1989; and in January 2002, Defendant informed Bargon that his employment was terminated under the terms of the VSP.

60.    Plaintiff Beckwith commenced employment with Defendant's predecessor, Ford Motor Company, on or about May 22, 1978; and in April 2001, Defendant informed Beckwith that his employment was terminated under the terms of the VSP.

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

7

61.     Plaintiff Bednarz commenced employment with Defendant's predecessor, Ford Motor Company, on or about June 6, 1979; and in June 2001, Defendant informed Bednarz that his employment was terminated under the terms of the VSP.

62.     Plaintiff Bossard commenced employment with Defendant's predecessor, Ford Motor Company, on or about September 1, 1976; and in April 2001, Defendant informed Bossard that his employment was terminated under the terms of the VSP.

63.     Plaintiff Bryans commenced employment with Defendant's predecessor, Ford Motor Company, on or about December 30, 1968; and in April 2001, Defendant informed Bryans that his employment was terminated under the terms of the VSP.

64.     Plaintiff Cliffel commenced employment with Defendant's predecessor, Ford Motor Company, on or about November 1, 1976; and in or about April 2002, Defendant informed Cliffel that his employment was terminated under the terms of the VSP.

65.     Plaintiff Czach commenced employment with Defendant's predecessor, Ford Motor Company, on or about August 1, 1965; and in April 2001, Defendant informed Czach that his employment was terminated under the terms of the VSP.

66.     Plaintiff Date commenced employment with Defendant's predecessor, Ford Motor Company, on or about September 20, 1976; and in April 2001, Defendant informed Date that his employment was terminated under the terms of the VSP.

67.     Plaintiff Gandhi commenced employment with Defendant's predecessor, Ford Motor Company, in or about November 1994; and in April 2001, Defendant informed Gandhi that his employment was terminated under the terms of the VSP.

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

68.   Plaintiff Gerometta commenced employment with Defendant's predecessor, Ford Motor Company, on or about June 8, 1966; and in or about May 2001, Defendant informed Gerometta that his employment was terminated under the terms of the VSP.

69.   Plaintiff Grant commenced employment with Defendant's predecessor, Ford Motor Company, on or about December 6, 1988; and in April 2001, Defendant informed Grant that her employment was terminated under the terms of the VSP.

70.   Plaintiff Green commenced employment with Defendant's predecessor, Ford Motor Company, on or about September 7, 1976; and in April 2001, Defendant informed Green that his employment was terminated under the terms of the VSP.

71.   Plaintiff D. Gupta commenced employment with Defendant's predecessor, Ford Motor Company, on or about August 7, 1967; and in April 2001, Defendant informed D. Gupta that D. Gupta's employment was terminated under the terms of the VSP.

72.   Plaintiff S. Gupta commenced employment with Defendant's predecessor, Ford Motor Company, on or about July 1, 1968; and in April 2001, Defendant informed S. Gupta that S. Gupta's employment was terminated under the terms of the VSP.

73.   Plaintiff Hamilton commenced employment with Defendant's predecessor, Ford Motor Company, on or about June 28, 1971; and in or about May 2001, Defendant informed Hamilton that his employment was terminated under the terms of the VSP.

74.   Plaintiff Hayes commenced employment with Defendant's predecessor, Ford Motor Company ("Ford"), in July 1977, left Ford's employ in 1986, but returned and was rehired on or about November 27, 1989.  In April 2001, Defendant informed Hayes that her employment was terminated under the terms of the VSP.

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248)355-0300

75.    Plaintiff Hayse commenced employment with Defendant's predecessor, Ford Motor Company, on or about January 24, 00; and in April 2001, Defendant informed Hayse that his employment was terminated under the terms of the VSP.

76.    Plaintiff Henry commenced employment with Defendant's predecessor, Ford Motor Company, on or about June 27, 1977; and in April 2001, Defendant informed Henry that her employment was terminated under the terms of the VSP.

77.    Plaintiff Herrera commenced employment with Defendant's predecessor, Ford Motor Company, on or about July 18, 1966; and in April 2001, Defendant informed Herrera that his employment was terminated under the terms of the VSP.

78.    Plaintiff Hufnagel commenced employment with Defendant's predecessor, Ford Motor Company, on or about March 8, 1999; and in April 2001, Defendant informed Hufnagel that his employment was terminated under the terms of the VSP.

79.    Plaintiff Jackson commenced employment with Defendant's predecessor, Ford Motor Company, on or about July 15, 1979; and in January 2002, Defendant informed Jackson that his employment was terminated under the terms of the VSP.

80.    Plaintiff Kell commenced employment with Defendant's predecessor, Ford Motor Company, in or about July 1968; and in April 2001, Defendant informed Kell that his employment was terminated under the terms of the VSP.

81.    Plaintiff Kelly commenced employment with Defendant's predecessor, Ford Motor Company, in or about July 1998; and in April 2001, Defendant informed Kelly that his employment was terminated under the terms of the VSP.

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

82.    Plaintiff Khoe commenced employment with Defendant's predecessor, Ford Motor Company, on or about August 16, 1976; and in April 2001, Defendant informed Khoe that his employment was terminated under the terms of the VSP.

83.    Plaintiff Krueger commenced employment with Defendant's predecessor, Ford Motor Company, on or about September 17, 1974; and in April 2001, Defendant informed Krueger that his employment was terminated under the terms of the VSP.

84.    Plaintiff Kuyzin commenced employment with Defendant's predecessor, Ford Motor Company, on or about February 9, 1993; and in or about May 2001, Defendant informed Kuyzin that his employment was terminated under the terms of the VSP.

85.    Plaintiff Lawson commenced employment with Defendant's predecessor, Ford Motor Company, in or about October 1988; and in or about April 2001, Defendant informed Lawson that his employment was terminated under the terms of the VSP.

86.    Plaintiff Lord commenced employment with Defendant's predecessor, Ford Motor Company on or about October 24, 1973; and in or about May 2001, Defendant informed Lord that her employment was terminated under the terms of the VSP.

87.    Plaintiff Mann commenced employment with Defendant's predecessor, Ford Motor Company, on or about June 27, 1966; and in April 2001, Defendant informed Mann that his employment was terminated under the terms of the VSP.

88.    Plaintiff Miller commenced employment with Defendant's predecessor, Ford Motor Company, on or about January 16, 1969; and in April 2001, Defendant informed Miller that his employment was terminated under the terms of the VSP.

89.     Plaintiff Moran commenced employment with Defendant's predecessor, Ford Motor Company, on or about June 12, 1989; and in April 2001, Defendant informed Moran that his employment was terminated under the terms of the VSP.

90.     Plaintiff Mussin commenced employment with Defendant's predecessor, Ford Motor Company, on or about February 4, 1989; and in April 2001, Defendant informed Mussin that his employment was terminated under the terms of the VSP.

91.     Plaintiff Nickerson commenced employment with Defendant's predecessor, Ford Motor Company, in or about June 1977; and in April 2001, Defendant informed Nickerson that his employment was terminated under the terms of the VSP.

92.     Plaintiff Niner commenced employment with Defendant's predecessor, Ford Motor Company, in or about March 1990; and in April 2001, Defendant informed Niner that her employment was terminated under the terms of the VSP.

93.     Plaintiff Oswald commenced employment with Defendant's predecessor, Ford Motor Company, in or about September 1, 1994; and in April 2001, Defendant informed Oswald that her employment was terminated under the terms of the VSP.

94.     Plaintiff Owings commenced employment with Defendant's predecessor, Ford Motor Company, on or about June 21, 1971; and in April 2001, Defendant informed Owings that his employment was terminated under the terms of the VSP.

95.     Plaintiff Pierce commenced employment with Defendant's predecessor, Ford Motor Company, on or about November 1, 1976; and in April 2001, Defendant informed Pierce that his employment was terminated under the terms of the VSP.

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

96. Plaintiff Raby commenced employment with Defendant's predecessor, Ford Motor Company, on or about August 17, 1998; and in April 2001, Defendant informed Raby that his employment was terminated under the terms of the VSP.

97. Plaintiff Rakowski commenced employment with Defendant's predecessor, Ford Motor Company, on or about August 19, 1978; and in April 2001, Defendant informed Rakowski that his employment was terminated under the terms of the VSP.

98. Plaintiff Raymor commenced employment with Defendant's predecessor, Ford Motor Company, on or about October 30, 1972; and in April 2001, Defendant informed Raymor that his employment was terminated under the terms of the VSP.

99. Plaintiff Rojowski commenced employment with Defendant's predecessor, Ford Motor Company, on or about August 31, 1987; and in April 2001, Defendant informed Rojowski that his employment was terminated under the terms of the VSP.

100. Plaintiff Smart commenced employment with Defendant's predecessor, Ford Motor Company, on or about August 26, 1985; and in April 2001, Defendant informed Smart that his employment was terminated under the terms of the VSP.

101. Plaintiff Smith commenced employment with Defendant's predecessor, Ford Motor Company, on or about June 8, 1964; and in or about April 2001, Defendant informed Smith that his employment was terminated under the terms of the VSP.

102. Plaintiff Souvie commenced employment with Defendant and/or its predecessor, Ford Motor Company, on or about March 20, 2000; and in April 2001, Defendant informed Souvie that his employment was terminated under the terms of the VSP.

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

103. Plaintiff Sullins commenced employment with Defendant's predecessor, Ford Motor Company, on or about September 1992; and in April 2001, Defendant informed Sullins that her employment was terminated under the terms of the VSP.

104. Plaintiff Thomas commenced employment with Defendant's predecessor, Ford Motor Company, on or about February 1977; and in April 2001, Defendant informed Thomas that his employment was terminated under the terms of the VSP.

105. Plaintiff Vaughn commenced employment with Defendant on or about December 17, 2000; and in April 2001, Defendant informed Vaughn that his employment was terminated under the terms of the VSP.

106. Plaintiff Wesner commenced employment with Defendant's predecessor, Ford Motor Company, on or about July 15, 1977; and in or about May 2001, Defendant informed Wesner that her employment was terminated under the terms of the VSP.

107. Plaintiff White commenced employment with Defendant's predecessor, Ford Motor Company, on or about September 18, 1968; and in April 2001, Defendant informed White that his employment was terminated under the terms of the VSP.

108. Plaintiff Williams commenced employment with Defendant's predecessor, Ford Motor Company, on or about March 14, 1977; and in April 2001, Defendant informed Williams that his employment was terminated under the terms of the VSP.

109. Plaintiff Wojcik commenced employment with Defendant's predecessor, Ford Motor Company, in or about September 1976; and in April 2001, Defendant informed Wojcik that his employment was terminated under the terms of the VSP.

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

110.    Plaintiff Young commenced employment with Ford in July 1973, left Ford's employ in 1981, but returned and was rehired on or about March 21, 1989. In or about April 2001, Defendant informed Young that his employment was terminated under the terms of the VSP.

111.    At the time of each Plaintiff's termination, Defendant provided each Plaintiff with a written summary of the VSP titled "Visteon Severance Allowance Waiver Benefit" ("Waiver Benefit") as it specifically applied to each Plaintiff. (A redacted copy of the Waiver Benefit is attached as Exhibit "B") Defendant further provided each Plaintiff with a Waiver and Release Agreement. (Exhibit "C")

112.    According to the terms of the VSP, the amount of each Plaintiff's severance would be determined by his/her decision to sign or not sign the Waiver and Release Agreement. If a Plaintiff signed the Waiver and Release Agreement, he/she could receive up to 12 months of his/her base salary. If a Plaintiff did not sign the Waiver and Release Agreement, he/she would receive only three months of his/her base salary. (See Exhibit "A")

113.    Defendant, in writing, informed each and every Plaintiff that the terms of the VSP, the Waiver Benefit, and the Waiver and Release Agreement were non-negotiable. (See Exhibit "C") The terms of the VSP, the Waiver Benefit, and the Waiver and Release Agreement are hereafter collectively referred to as "VSP Benefits".

114.    Defendant also verbally informed many of the Plaintiffs that the terms of the VSP Benefits were non-negotiable.

115.    Based on Defendant's representation that the VSP Benefits were non-negotiable, each and every Plaintiff signed the Waiver and Release Agreement.

116.    By stating that the VSP benefits were non-negotiable, Defendant limited Plaintiffs to choosing between the benefits with a waiver and those without a waiver.

117.    Defendant did not provide Plaintiffs with truthful and accurate information.

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

15

118.     Defendant never informed any or all of the Plaintiffs that there was choice of negotiating different benefits.

119.     Defendant did negotiate and gave other employees different and/or additional benefits than those identified in the VSP Benefits.

120.     After the VSP Benefits became negotiable, Defendant continued to mislead Plaintiffs and inform them that the VSP Benefits were non-negotiable

121.     Defendant knew that each Plaintiff signed the Waiver and Release Agreement based on the material representation that it was non-negotiable.

## COUNT I:  BREACH OF FIDUCIARY DUTY

122.     Plaintiffs repeat each and every paragraph of this Complaint.

123.     The terms of the VSP, the Waiver Benefit, and/or the Waiver and Release Agreement signed by each of the Plaintiffs is an employee benefit plan subject to ERISA.

124.     At all pertinent times, Defendant is a fiduciary with respect to the terms of the VSP, the Waiver Benefit and/or the Waiver and Release Agreement pursuant to 29 USC § 1002 of ERISA.

125.     At all pertinent times, Plaintiffs were plan beneficiaries or participants of the VSP, the Waiver Benefit and/or the Waiver and Release Agreement.

126.     Defendant owed each and every Plaintiff the following fiduciary duties:

   a.     A duty to discharge its duties with respect to the VSP Benefits solely in the interest of the participants and beneficiaries.

   b.     A duty of loyalty requiring that all decisions regarding the VSP Benefits be made with an eye single to the interests of the participants and beneficiaries (i.e. each Plaintiff).

   c.     A duty to exercise its duties with the care, skill, prudence and diligence of a prudent person acting under similar circumstances.

   d.     A duty to act for the exclusive purpose of proving benefits to plan participants.

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

e.     A duty to make decisions with a single-minded devotion to the plan participants and beneficiaries.

f.     A duty to communicate to plan participants and/or beneficiaries (i.e. each Plaintiff) material facts affecting the interest of the beneficiary which Defendant knows the beneficiary does not know and which the participant or beneficiary needs to know for his/her protection.

g.     A duty to convey complete and accurate information material to the participant or beneficiary's circumstance even if it requires conveying information about which the beneficiary did not specifically inquire.

h.     A duty to inform Plaintiffs of the possibility of negotiating additional or separate benefits when it offered each Plaintiff the VSP Benefits.

i.     A duty to inform plan beneficiaries and participants (i.e. each Plaintiff) of any changes or modifications to the VSP Benefits.

j.     Once Defendant made the representation that the VSP Benefits were non-negotiable, Defendant had a duty to clarify any changes to the VSP Benefits that it made.

127.     Defendant breached the above fiduciary duties to each Plaintiff, including but not limited to the following:

a.     Stating that the VSP Benefits were non-negotiable.

b.     Intentionally stating that the VSP benefits were non-negotiable after such benefits became negotiable, and the Defendant had in fact negotiated new or additional benefits and/or agreements with others.

c.     Providing, on its own initiative, inaccurate and misleading information to Plaintiffs concerning the negotiability, changes and modifications of the VSP Benefits.

d.     Deliberately, negligently and/or materially misleading Plaintiffs concerning the negotiability, changes and/or modifications of the VSP Benefits.

e.     Failing to inform Plaintiffs of any changes or modifications to the VSP Benefits.

f.     Continuing to fail and refuse to clarify the changes to the VSP Benefits that Defendant made after Defendant made the representation to Plaintiffs that the benefits were non-negotiable.

128. Defendant acted in a fiduciary capacity when it made the aforementioned representations to each Plaintiff and when it continued to inform Plaintiff that the VSP benefits were non-negotiable after negotiating additional benefits with other employees.

129. As a direct and proximate result of Defendant's breach of the fiduciary duties, Plaintiffs suffered damages including but not limited to lost compensation, wages, and other benefits of employment over and above those set forth under the VSP and Waiver Benefit.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter its Judgment against Defendant in whatever amount is shown to be established by the proofs in this cause, together with interest, costs and reasonable attorneys' fees.

## COUNT II: FRAUD

130. Plaintiffs repeat each and every paragraph of this Complaint.

131. Defendant repeatedly and intentionally made material representations to each and every Plaintiff about matters concerning the VSP Benefits, including but not limited to, concerning the meaning, intent, negotiability of, and changes and modifications to, the VSP Benefits as more fully set forth and described in the General Allegations and Count I of this Complaint.

132. Defendant's representations were false.

133. Defendant knew the representations were false when it made them or Defendant made the representations recklessly, without any knowledge of their truth and as positive assertions.

134. Defendant made the representations with the intention that each and every Plaintiff would act upon them by executing the Waiver and Release Agreement.

135. Acting in reliance upon Defendant's representations, each Plaintiff executed the Waiver and Release Agreement.

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

18

136.    As a direct and proximate result of Defendant's fraud, Plaintiffs suffered damages including but not limited to lost compensation, wages, and other benefits of employment over and above those set forth under the VSP and Waiver Benefit, mental anguish and emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter its Judgment against Defendant in whatever amount is shown to be established by the proofs in this cause, together with interest, costs and reasonable attorneys' fees.

## COUNT III: SILENT FRAUD

137.    Plaintiffs repeat each and every paragraph of this Complaint.

138.    Defendant failed to disclose material facts to each and every Plaintiff about matters concerning the VSP Benefits including, but not limited to, the meaning, intent, and negotiability of, and changes and modifications to, the VSP Benefits.

139.    Defendant had actual knowledge as to the meaning, intent, and negotiability of, and changes and modifications to, the VSP Benefits.

140.    Defendant's failure to disclose these facts to the Plaintiffs caused each and every Plaintiff to have a false impression as to VSP Benefits and the negotiability, changes and/or modifications of such benefits.

141.    When Defendant failed to disclose these facts, they knew that their failure would create a false impression for each and every Plaintiff.

142.    Defendant intended that each and every Plaintiff would rely upon the resulting false impression.

143.    Acting in reliance upon Defendant's representations, each and every Plaintiff executed a Waiver and Release Agreement.

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

144.    As a direct and proximate result of Defendant's silent fraud, Plaintiffs suffered damages including but not limited to lost compensation, wages, and other benefits of employment over and above those set forth under the VSP and Waiver Benefit, mental anguish and emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter its Judgment against Defendant in whatever amount is shown to be established by the proofs in this cause, together with interest, costs and reasonable attorneys' fees.

<u>**COUNT IV:  INNOCENT MISREPRESENTATION**</u>

145.    Plaintiffs repeat each and every paragraph of this Complaint.

146.    Defendant made innocent or negligent material representations to each and every Plaintiff about matters concerning the VSP Benefits, including but not limited to, the meaning, intent, and negotiability of, and changes and modifications to, the VSP Benefits as more fully set forth and described in the General Allegations and Count I of this Complaint.

147.    Defendant's representations were false.

148.    Acting in reliance upon Defendant's representations, each and every Plaintiff executed the Waiver and Release Agreement.

149.    Defendant benefited directly from Plaintiffs' actions.

150.    As a direct and proximate result of Defendant's misrepresentations, Plaintiffs suffered damages including but not limited to lost compensation, wages, and other benefits of employment over and above those set forth under the VSP and Waiver Benefit, mental anguish and emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter its Judgment against Defendant in whatever amount is shown to be established by the proofs in this cause, together with interest, costs and reasonable attorneys' fees.

## COUNT V:  BREACH OF GOOD FAITH AND FAIR DEALING

151.   Plaintiffs repeat each and every paragraph of this Complaint.

152.   In all matters relating to the VSP Benefits, Defendant owed a duty to act in good faith and to deal fairly with each Plaintiff as employees of Defendant and as participants and beneficiaries of the VSP Benefits.

153.   Specifically, Defendant was obligated to discharge its duties in good faith and with the care of an ordinary prudent person under like circumstances and in each Plaintiff's best interests.

154.   Defendant knowingly and intentionally devised a scheme to encourage or force Plaintiffs to sign the Waiver and Release Agreement by failing to disclose matters concerning the meaning, intent, and negotiability of, and changes and modifications to, the VSP Benefits as more fully set forth and described in the General Allegations and Count I of this Complaint.  Such actions were  grossly unfair to the Plaintiffs.

155.   As a direct and proximate result of Defendant's breach of the duty of good faith and fair dealing, Plaintiffs has suffered damages including but not limited to lost compensation, wages, and other benefits of employment over and above those set forth under the VSP and Waiver Benefit, mental anguish and emotional distress, and loss of professional reputation.

**WHEREFORE**, Plaintiffs respectfully request that this Court enter its Judgment against Defendant in whatever amount is shown to be established by the proofs in this cause, together with interest, costs and reasonable attorneys' fees.

LAW OFFICES
SOMMERS, SCHWARTZ, SILVER & SCHWARTZ, P.C.
2000 TOWN CENTER • SUITE 900 • SOUTHFIELD, MICHIGAN 48075 • (248) 355-0300

Respectfully submitted,

SOMMERS, SCHWARTZ, SILVER
  & SCHWARTZ, P.C.

By: _____

DONALD J. GASIOREK, (P-24987)
Attorney for Plaintiffs
2000 Town Center, Suite 900
Southfield, Michigan 48075-1100
(248) 355-0300

Dated: December 23, 2003

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

# SEE CASE FILE FOR ADDITIONAL DOCUMENTS OR PAGES THAT WERE NOT SCANNED