4/6

10

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION



MARVIN TAYLOR, ET AL.

    Plaintiffs,

v.

VISTEON CORPORATION,

    Defendants.

_____/

Case No. 03-75163

Honorable Patrick J. Duggan

F I L E D

JUN 1 0 2004

CLERK'S OFFICE
DETROIT

## OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

At a session of said Court, held in the U.S.
District Courthouse, City of Detroit, County of
Wayne, State of Michigan, on _____. JUN 1 0 2004

PRESENT:    THE HONORABLE PATRICK J. DUGGAN
               U.S. DISTRICT COURT JUDGE

Plaintiffs Marvin Taylor and 89 other former employees of Defendant Visteon

Corporation ("Visteon") filed this lawsuit claiming that Visteon made material

representations when it terminated Plaintiffs under the terms of a Visteon Separation

Program ("VSP").[1] Specifically, Plaintiffs allege the following claims: breach of

fiduciary obligation under the Employee Retirement Income Security Act, 29 U.S.C. §§

_____

[1]Plaintiffs' initial Complaint named 54 individuals as Plaintiffs. On March 11, 2004, Plaintiffs filed a First Amended Complaint adding 36 additional plaintiffs. The Amended Complaint otherwise restates the general factual allegations and claims in Plaintiffs' initial Complaint.

1

1001-1461 (Count I); fraud (Count II); silent fraud (Count III); innocent misrepresentation (Count IV); and breach of good faith and fair dealing (Count V). Presently before the Court is Visteon's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, filed February 11, 2004. The Court held a hearing on Visteon's motion on June 2, 2004.

In its motion to dismiss, Visteon argues that Plaintiffs fail to state a claim upon which relief can be granted because they signed an agreement releasing all claims against Visteon and because they have not tendered back the enhanced consideration they received for signing the release. Visteon further argues that Plaintiffs' state law claims are preempted by ERISA.

## I.   Standard for Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss pursuant to Rule 12(b)(6) tests the sufficiency of a complaint. Construing the complaint in a light most favorable to the plaintiff and assuming that the plaintiff's factual allegations are true, the court must determine whether the complaint states a valid claim for relief. *Mayer v. Mylod*, 988 F.2d 635, 638 (6th Cir. 1993)(citing *Jenkins v. McKeithen*, 395 U.S. 411, 421-33, 89 S. Ct. 1843, 1848-49 (1969)). A court may dismiss a claim pursuant to Rule 12(b)(6) motion "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegation." *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984)(citing *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102 (1957)).

## II.   Factual Allegations

2

Plaintiffs formerly worked for Ford Motor Company ("Ford"). Visteon became Plaintiffs' successor employer when it was "spun-off" from Ford. Between April 2001 and April 2002, Visteon terminated Plaintiffs' employment under the terms of a VSP.

At the time of their termination, Visteon provided Plaintiffs with a booklet describing the VSP, a document summarizing each Plaintiff's benefits under the VSP entitled "Visteon Severance Allowance Waiver Benefit" ("Waiver Benefit"), and a Waiver and Release Agreement (the "Waiver and Release" or "release"). The Waiver Benefit provided each Plaintiff with a calculation of the benefits he or she would receive, depending on whether the Plaintiff signed the Waiver and Release. Plaintiffs who signed the Waiver and Release received, among other benefits, a lump sum payment equal to at least 3 and up to 12 months of their base salary, continuation of medical and life insurance coverage for up to 12 months, re-employment assistance, and the ability to grow into Special Early Retirement. The Waiver Benefit provided that severance benefits of individuals refusing to sign the release were capped at three months.

The Waiver and Release states that "[t]he terms of the VSP, the Waiver Benefit, and this Agreement are not negotiable." Visteon also verbally informed Plaintiffs that the terms of their benefits were non-negotiable. Based on these representations, Plaintiffs decided to sign the Waiver and Release in order to receive enhanced separation benefits. Plaintiffs subsequently learned, however, that Visteon negotiated different and/or additional benefits with other terminated employees.

**III.    Applicable Law and Analysis**

3

**A.      Whether Plaintiffs' Claims Are Barred by the Waiver and Release**

Visteon argues that Plaintiffs are precluded from bringing this lawsuit because they each signed a Waiver and Release.  Visteon further argues that, by signing the release, Plaintiffs received enhanced separation benefits which they failed to tender back prior to filing their lawsuit.  Their failure to tender back this consideration, Visteon contends, further bars Plaintiffs' claims.

The Waiver and Release provides in part:

> In consideration of the Waiver Benefit, I waive and release any and all rights or claims of any kind I may have, or my heirs, executors, agents or assigns may have, against Visteon Corporation . . . Except as provided in the following paragraph, in the section entitled Rights or Claims that Survive, I agree not to start any proceedings of any kind against the Company relating in any way to my employment or the separation of my employment.  I agree to terminate any proceedings I may have begun or withdraw from any I may be participating in relating to my employment.  This waiver and release includes, but is not limited to, any and all claims, whether known or unknown, I may have under the **Age Discrimination in Employment Act of 1967 (ADEA)** and any other federal, state or local civil rights laws or regulations, or any common law actions related in any way to employment or employment discrimination.

*See* Compl. Ex. C ¶ 2 (emphasis in original).  In the section entitled "Rights or Claims that Survive," the release specifically provides that Plaintiffs did not waive or release ". . . any rights or claims [they] may have that may arise after this Agreement is signed or if it is not permitted by law, such as workers' compensation claims in some states." *See id.* ¶ 3.  This paragraph further states that "by accepting the Waiver Benefit," Plaintiffs

4

acknowledged that they "g[a]ve up any right [they] may have to any future recovery from the Company related to [their] legal claims that arose prior to the date [they] signed this Agreement." *See id.*

"A release is valid if it was knowingly and voluntarily made under circumstances not indicating any overreaching or exploitation." *Halvorson v. Boy Scouts of Am.*, 2000 WL 571933, *3 (6th Cir. May 3, 2000)(unpublished opinion)(citing *Mararri v. WCI Steel, Inc.*, 130 F.3d 1180, 1184 (6th Cir. 1997)). Waivers of employee rights are examined under normal contract principles. *Mararri*, 130 F.3d at 1184. In *Bittinger v. Tecumseh Products Company*, 83 F. Supp. 2d 851 (E.D. Mich. 1998), this Court held that the Sixth Circuit has "unequivocally stated '[t]he tender back of consideration received for a signed release is an absolute prerequisite to avoidance of the release under Michigan and federal law.'" *Bittinger*, 83 F. Supp. 2d at 871 (quoting *Samms v. Quanex Corp.*, 1996 WL 599821, *3 (6th Cir. October 17, 1996)); *see also Halvorson*, 2000 WL 571933, *3 (citing *Howlett v. Holiday Inns, Inc.*, 120 F.3d 598 (6th Cir. 1997))(holding that "[a]ny possible question as to the making of [an] agreement is overcome . . . by its subsequent ratification. An agreement . . . can be ratified by retention of the consideration received.")

Plaintiffs do not challenge the validity of the Waiver and Release; rather, they argue that the language of the release does not cover their claims. Pointing to the last sentence of the section entitled "Rights or Claims that Survive," Plaintiffs argue that their claims did not mature or accrue "prior to the date" they executed the Waiver and Release.

5

Instead, Plaintiffs contend that their claims arose the moment they signed the release, as that action evidenced their reliance on Visteon's representation that the VSP benefits were non-negotiable. In other words, by focusing solely on the final sentence of paragraph 3, Plaintiffs contend that they did not waive claims arising on the date they executed the release. This argument lacks merit.

First, by focusing only on this sentence, Plaintiffs ignore other language in the Waiver and Release plainly barring any claims, whether known or unknown, that Plaintiffs had against Visteon *when they signed*– that is, up to the moment they concluded signing– the waiver. For example, the first sentence of the section entitled "Release of Employment Claims" provides, "I waive and release any and all rights or claims of any kind I *may have* . . ." The first sentence of the section entitled "Rights or Claims that Survive" states, "I do not waive or release any rights or claims I may have *that may arise after this Agreement is signed* . . ." Reading the release as a whole, it is clear that Plaintiffs released Visteon from any claims existing as they signed the agreement and that they only retained the right to pursue claims arising *after* they signed the release.

Furthermore, all of Plaintiffs' claims are premised on Visteon's alleged misrepresentation that the VSP benefits were non-negotiable and Plaintiffs' alleged reliance on this representation by signing the Waiver and Release. Plaintiffs claims could not have arisen after they signed the release, as their causes of action were complete once they evidenced their reliance on Visteon's representations. Therefore at the latest, Plaintiffs' claims arose the instant they signed the release. Nothing Visteon did after that

point would be relevant. Thus, regardless of whether Plaintiffs were aware of their claims, those claims existed when Plaintiffs signed the release.

Plaintiffs additionally urge this Court to hold, as a matter of public policy, that the tender back rule does not apply in the ERISA context. However this Court in *Bittinger*, the Sixth Circuit, and other Circuit Courts have rejected this argument, specifically holding that "the tender of consideration is a prerequisite to [a] plaintiff's maintenance of a claim challenging the validity of a release in [an ERISA context.]" *See, e.g., Bittinger,* 83 F. Supp. 2d at 871; *see also Halvorson,* 2000 WL 571933, *3 (holding that the plaintiff was foreclosed from bringing an ERISA claim, as well as other claims, against the defendant where he retained the extra severance money he received in exchange for the release and thereby ratified the release); *Samms,* 1996 WL 599821, *3 (acknowledging that courts have refused to apply the tender back doctrine as a matter of public policy under certain circumstances, but holding that the Sixth Circuit has specifically approved the waiver of ERISA rights); *Wittorf v. Shell Oil Co,* 37 F.3d 1151, 1154 (5th Cir. 1994)(enforcing the plaintiff's release in exchange for enhanced benefits where the plaintiff failed to tender back those benefits).

In summary, the Court concludes that the language of the Waiver and Release is sufficiently broad to cover Plaintiffs' claims, as those claims existed when the agreement was signed. The Court further concludes that Plaintiffs may not repudiate the release at this time, as they failed to tender back the enhanced severance benefits they received in exchange for signing the release.

**B.     Whether Plaintiffs' State Law Claims are Preempted by ERISA**

Visteon contends that, even if the release does not bar Plaintiffs' claims, their state

law claims are preempted by ERISA.  Contrary to the allegations in their Complaint,

Plaintiffs argue in response to Visteon's motion that the VSP may not be an ERISA plan

and therefore there can be no ERISA preemption.  Plaintiffs further argue that, even if the

VSP is an ERISA plan, their state law claims are not preempted as they do not "relate to"

the plan.

If the VSP is not an ERISA plan, this Court would lack subject matter jurisdiction

over their lawsuit.[2]  This Court concludes, however, that the VSP is an ERISA plan.  The

Court reaches this conclusion based on the Sixth Circuit's decision in *Shahid v. Ford

Motor Company*, 76 F.3d 1404 (1996), where the court held that a severance plan with

provisions similar to the one before this Court was an ERISA plan.

ERISA preempts "any and all State laws insofar as they may now or hereafter

*relate to* any employee benefit plan."  29 U.S.C. § 1144(a)(emphasis added).  In the

context of ERISA, "the term 'State law' includes all laws, decisions, rules, regulations, or

other State action having the effect of law."  29 U.S.C. § 1144(c).  "To relate to a benefit

plan, a law only need have 'a connection with or reference to such a plan.'"  *Marks v.

Newcourt Credit Group, Inc.*, 342 F.3d 444, 452 (6th Cir. 2003)(quoting *Shaw v. Delta

Air Lines, Inc.*, 463 U.S. 85, 96-97, 103 S. Ct. 2890, 2900 (1983)).

---

[2]Aside from their ERISA claim, Plaintiffs only have alleged state law causes of action
against Visteon and there is no diversity between Plaintiffs and Visteon.  83 of the 90 Plaintiffs
are Michigan residents and Visteon, although incorporated in Delaware, maintains its principal
place of business in Dearborn, Michigan.

8

"ERISA's preemption provisions 'are deliberately expansive.'" *Id.* (quoting *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 45-46, 107 S. Ct. 1549, 1552 (1987)).

"Nevertheless, some 'state actions may affect employee benefit plans in too tenuous, remote, or peripheral a manner to warrant a finding that the law 'relates to' the plan.'" *Bittinger*, 83 F. Supp. 2d at 866 (quoting *Shaw*, 463 U.S. at 100 n.21, 103 S. Ct. at 2901 n.21). Most recently, the Sixth Circuit has focused on the remedy sought by the plaintiffs to decide whether their state law claims are preempted by ERISA. *Marks*, 342 F.3d at 453 (citing *Lion's Volunteer Blind Indus., Inc. v. Automated Group Admin., Inc.*, 195 F.3d 803, 806 (6th Cir. 1999)).

In their state law claims in both their Complaint and First Amended Complaint, Plaintiffs allege that Visteon misrepresented that the VSP benefits were non-negotiable, as Visteon in fact had negotiated additional benefits with other terminated employees. *See* Am. Compl. ¶¶ 203, 210, 218, & 226. Plaintiffs further allege that, as a result of Visteon's misrepresentation, they "suffered damages including but not limited to lost compensation, wages, and other benefits of employment over and above those set forth under the VSP and Waiver Benefit . . ." *See id.* ¶¶ 208, 216, 222, & 227. The same allegations support Plaintiffs' ERISA claim. *See id.* ¶¶ 199 & 201.

The alleged misrepresentation of which Plaintiffs complain is specifically made within the Waiver and Release, which is part of the ERISA plan. Furthermore, at the heart of each of Plaintiffs' state law claims is their complaint that they accepted fewer VSP benefits based on Visteon's representation that the plan was non-negotiable.

9

Plaintiffs seek a remedy which will compensate them for the plan benefits they might have been able to negotiate. This remedy and Plaintiffs' reference to the plan are not simply a way to "articulate specific, ascertainable damages," as was the case in *Marks*; nor would the conduct alleged in Plaintiffs' state law claims support their claims irrespective of the plan. In other words, neither Plaintiffs' state law claims nor their damages would have arisen if there had been no ERISA plan. Thus these claims clearly relate to the plan and are preempted by ERISA.

### C.     Conclusion

In summary, the Court concludes that Plaintiffs' Complaint should be dismissed. First, Plaintiffs fail to assert any claim arising after they signed the release and therefore the release bars their claims. Second, Plaintiffs are barred from seeking to rescind the release as they failed to tender back the consideration they received in exchange for signing the release. Finally, Plaintiffs' "state law claims" are pre-empted by ERISA.

Accordingly,

**IT IS ORDERED**, that Defendant's motion to dismiss is **GRANTED**.


PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Donald J. Gasiorek, Esq.
Bernard J. Bobber, Esq.
Philip B. Phillips, Esq.