UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARVIN TAYLOR, ET AL.

    Plaintiffs,

v.                                                                                  Case No. 03-75163

VISTEON CORPORATION,                                    Honorable Patrick J. Duggan

    Defendants.
_____/

**OPINION AND ORDER**

At a session of said Court, held in the U.S.
District Courthouse, Eastern District
of Michigan, on November 28, 2005.

PRESENT:   THE HONORABLE PATRICK J. DUGGAN
U.S. DISTRICT COURT JUDGE

On December 23, 2003, Plaintiffs Marvin Taylor and 89 other former employees of Defendant Visteon Corporation ("Visteon") filed this lawsuit claiming that Visteon made material misrepresentations when it terminated Plaintiffs under the terms of a Visteon Separation Program ("VSP"). Visteon responded to Plaintiffs' complaint by filing a motion to dismiss, which this Court granted on June 10, 2004, based on Waiver and Release Agreements signed by Plaintiffs. On the same date, the Court entered judgement in favor of Visteon.

Visteon subsequently filed a motion for attorneys' fees. In an opinion and order

1

issued on October 6, 2004, this Court concluded that Visteon was entitled to attorneys' fees pursuant to a fee-shifting clause in the Waiver and Release Agreements; however, the Court indicated that it was not able to determine the amount of any award because Visteon failed to submit detailed billing records with its motion. Visteon subsequently submitted detailed billing records and, in an opinion and order issued on December 9, 2004, this Court awarded Visteon attorneys' fees totaling $28,857.03.

In the meantime, Plaintiffs appealed this Court's opinion and order granting Visteon's motion to dismiss. The Sixth Circuit affirmed that decision on September 9, 2005. On September 30, 2005, after successfully defending against Plaintiffs' lawsuit on appeal, Visteon filed the pending motion to amend the fee award or, in the alternative, to enter a new fee award for fees incurred on appeal. Visteon seeks an additional $37,972.50 for attorneys' fees incurred defending against Plaintiffs' appeal and in preparation of the pending motion.

Visteon describes the fees it now seeks as follows[1]:

| | |
|---|---|
| Research: | $ 8,475 |
| Legal Work for Fee award issues | $ 1,200 |
| Preparation of Proof Brief and Final Brief on Appeal: | $19,669.50 |

---

[1] Visteon categorizes its fees at page 7-8 of its motion; however, those fees do not total the amount Visteon seeks– that is, it fails to account for $1,200.50 in fees. Exhibit A to Visteon's motion, however, includes $1,200 for legal work related to fee award issues and $.50 with respect to the fees for preparation of appellate briefs that are not included on pages 7-8 of its brief. As Exhibit A is consistent with the amount Visteon states that it is seeking throughout its brief, the Court will assume that the break down in the exhibit (as opposed to that on pages 7-8 of the brief) accurately describes Visteon's attorneys' fees.

| | |
|---|---|
| Oral Argument (preparation and execution): | $ 5,553 |
| Mandatory Settlement Procedure: | $ 525 |
| Shepardizing for oral argument: | $ 1,650 |
| Research Regarding Attorney Fee Petition: | $ 900 |
| **Total:** | **$37,972.50** |

According to Visteon's submissions, seven attorneys from the law firm of Foley & Lardner worked on the appeal and/or the preparation of the pending motion. Those attorneys billed Visteon according to the confidential billing arrangement previously submitted to the Court, pursuant to which Visteon was charged a "blended rate" for the services of the firm's attorneys.

This Court already concluded that Plaintiffs are liable for the attorneys' fees and costs Visteon incurs defending against Plaintiffs' lawsuit pursuant to the terms of the Waiver and Release Agreements they signed. The agreements require Plaintiffs to reimburse Visteon for the attorneys' fees and costs "incurred by the Company in defending the lawsuit . . ." The agreement does not distinguish between trial court and appellate court proceedings. The Court therefore concludes that Visteon is entitled to an award for the attorneys' fees it incurred defending against Plaintiffs' lawsuit on appeal.

Plaintiffs contend that Visteon is procedurally barred from seeking an amended fee award from this Court at this time. As the Court previously concluded, it had the authority to grant Visteon's initial request for attorney's fees pursuant to Rule 54(c) of the Federal Rules of Civil Procedure. *See* 10/6/04 Op. and Order at 3 (citing *Engel v. Teleprompter Corp.*, 732 F.2d 1238, 1241-42 (5th Cir. 1984)). The Court concludes that it also has the authority to amend the amount it previously awarded to Visteon in order to

3

reflect the additional fees Visteon incurred defending against Plaintiffs' appeal and to which the Court finds Visteon is entitled pursuant to the Waiver and Release Agreements.

Plaintiffs also object to the amount Visteon seeks.  Specifically, Plaintiffs challenge the billing rates of Visteon's attorneys, the number of hours expended on an appeal which Plaintiffs assert addressed the same issues raised in the district court, the hours expended on issues relevant to the pending motion for fees, and Visteon's request for paralegal fees.  Plaintiffs further request a hearing to address the reasonableness of the award Visteon seeks.

With regard to Plaintiffs' request for an evidentiary hearing, the Supreme Court has advised that a request for attorneys' fees should not generate a second major litigation.  *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933, 1941 (1983).  As before, the Court is confident that it can determine a reasonable attorneys' fees award simply by reviewing the billing records of Visteon's attorneys and taking into consideration its familiarity with the issues involved in this case.

As to the reasonableness of the hourly rates of Visteon's attorneys, the Court already found those rates to be reasonable.  *See* 12/9/04 Opinion and Order at 9.  With respect to the amount of time Visteon's attorneys billed researching and preparing the pending motion for attorneys' fees, as this Court also previously stated, courts generally permit the recovery of fees incurred preparing a request for attorneys' fees.  *See id*. at 5 (citing *Coulter v. Tennessee*, 805 F.2d 146, 151 (6th Cir. 1986)).  The Court does not otherwise find the hours billed by Visteon's attorneys researching and preparing

4

Visteon's appellate briefs to be unreasonable or excessive, including any expenses for the work of paralegals.  Visteon has established its entitlement to reimbursement from Plaintiffs for reasonable out-of-pocket expenses necessarily incurred in defending Plaintiffs' lawsuit.  As the Sixth Circuit has noted, such expenses include paralegal fees. *See Northcross v. Bd. of Educ. of Memphis City Sch.*, 611 F.2d 624, 639 (6th Cir. 1979).  The Court therefore concludes that Visteon is entitled to the fees it seeks.

As a final matter, Visteon asks the Court to find Plaintiffs jointly and severally liable for its attorneys' fees.  As Plaintiffs were represented by the same counsel, filed one lawsuit against Visteon, and alleged identical theories of liability, the Court will hold them jointly and severally liable for Visteon's attorneys' fees.  *See Concord Boat Corp. v. Brunswick Corp.*, 309 F.3d 494, 497 (8th Cir. 2002)(providing that "[j]oint and several liability for costs is the general rule unless equity otherwise dictates" and finding that district court abused its discretion in deviating from general rule and allocating costs on an individual basis where all of the plaintiffs were represented by the same counsel, had common theories of liability, sought same discovery, and asked for same relief).

Accordingly,

**IT IS ORDERED**, that Visteon's Motion to Amend Fee Award is **GRANTED**;

**IT IS FURTHER ORDERED**, that Plaintiffs shall pay additional attorneys' fees to Visteon in the amount of $37,972.50.

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
James N. McNally, Esq.
Bernard J. Bobber, Esq.
Philip B. Phillips, Esq.